MAINE SAVINGS BANK

*vs.*

CHARLES W. SMALL, Adm'r and LOVISA J. EDGERLY, Adm'x.

Cumberland.     Opinion February 8, 1924.

*Where a person makes a contract for life support, intending to transfer to her co-
contractor a certain sum of money which she claims the right to expend for main-
tenance during life, but still holds it in her possession and under her control,
and fails to so transfer before death, which money was part of the
residuum of her deceased husband's estate, such money still
remains as part of the residuum of the estate of the
deceased husband.*

In the instant case said sum with accrued interest by the terms of the will of the deceased husband, passes to Annie O. Small.

On report.     A bill of interpleader to determine the ownership of a sum of money deposited in Maine Savings Bank.     The case reported on an agreed statement of facts.     Decree in accordance with the opinion, and for reasonable counsel fees, to be fixed by the Justice issuing the decree.

The case is fully stated in the opinion.

*Verrill, Hale, Booth & Ives,* for Maine Savings Bank.

*W. R. and E. S. Anthoine,* for Charles O. Small, Adm'r.

*Bradley, Linnell & Jones,* for Lovisa J. Edgerly, Adm'x.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

PHILBROOK, J.     This is a bill of interpleader to determine who is entitled to a certain sum of money which was on deposit in the plaintiff bank at the time when this action was commenced.     The case is reported upon an agreed statement of facts.     From that statement we learn that A. Howard Buxton died, testate, on January 9, 1917, leaving a widow, Elizabeth A. Buxton, and one daughter, Annie O.

Small.  By the provisions of his will he gave to his wife, "during the term of her natural life the use and income of all my estate, real, personal, or mixed, of whatever name or nature, wherever found or however situated, to her own use, during said term of life.  And if it should become necessary for her maintenance she shall have the right to dispose of such amount of said real or personal property as may be sufficient for such maintenance. . . . . And at her decease all the residue and remainder of said estate, both real and personal, I give, bequeath and devise to my daughter, Annie O. Small of said Cumberland, to her own use and right forever."

The widow resided on the farm and from time to time in pursuance of the power given by the will, disposed of the personal property embraced in her husband's estate, which was of an appraised value of a little more than twelve hundred dollars.  By the same power, in the year nineteen hundred twenty, she disposed of certain timber standing on the farm, for the sum of six hundred dollars.  Of the corpus of the estate there then remained a farm consisting of about sixty acres with buildings thereon.  On December 10, 1921, still exercising the power given by her husband's will, the widow sold the farm for twenty-five hundred dollars.  She deposited the proceeds of the sale in the plaintiff bank where it remained until her death which occurred January 14, 1922, a period of thirty-five days only having elapsed between the day of the deposit and that of the depositor's death.

On or about the day when she sold the farm she went to the home of her sister, Lovisa J. Edgerly, lived with her sister about thirty-five days, and died, leaving the deposit untouched, and in her own name, in the plaintiff bank.  From the agreed statement we extract the following:

"At the time of the sale of the farm, on the 10th day of December, A. D. 1921, by Elizabeth A. Buxton to Annie O. Small the said Elizabeth A. Buxton had contracted with the said Lovisa J. Edgerly, her sister, that if the said Lovisa J. Edgerly would take the said Elizabeth A. Buxton to live with her in her home at Bradley, Maine and care and provide for her the rest of her remaining life, the said Elizabeth A. Buxton would turn over to the said Lovisa J. Edgerly the said $2500 received from the sale of said farm; and in consideration thereof the said Lovisa J. Edgerly did agree to take her sister, the said Elizabeth A. Buxton, to live with her in her home at Bradley,

Maine, and provide and care for her the rest of her remaining life; and the said Elizabeth A. Buxton in pursuance thereof, shortly after the sale of the said farm, did go to live with her said sister, the said Lovisa J. Edgerly, and the said parties commenced to perform their said agreement; and at the time the said Elizabeth A. Buxton went to live with her sister, the said Lovisa J. Edgerly, at Bradley, Maine in pursuance of their said agreement, she, the said Elizabeth A. Buxton, intended to transfer the said $2500 received from the sale of said farm from the Maine Savings Bank at Portland, Maine where she had deposited it, to the Old Town Trust Company, at Old Town, Maine in the name of Lovisa J. Edgerly, but neglected so to do and had not done so at the time of her death."

The following questions are submitted to the court:

1. Did Elizabeth A. Buxton under the terms of the will of A. Howard Buxton have authority to appropriate the $2,500.00 received from the sale of said farm and pay said sum to Lovisa J. Edgerly in consideration that the said Lovisa J. Edgerly should support and care for the said Elizabeth A. Buxton for the rest of her life?

2. Is the said $2,500.00 and any interest accrued the property of said Lovisa J. Edgerly, Administratrix of the Estate of Elizabeth A. Buxton, to be paid by the said Lovisa J. Edgerly, Administratrix of the Estate of Elizabeth A. Buxton, to Lovisa J. Edgerly?

3. Is said $2,500.00 and any accrued interest the property of the said Annie O. Small?

Counsel upon both sides have presented able arguments, dealing for the most part with the first question, which in effect is restated in questions two and three. But it seems unnecessary to discuss question one since it is quite plain that at the time of her death Mrs. Buxton had not completed her part of the contract, if indeed such contract was ever made, by transferring the money in the plaintiff bank to her sister, or to anyone authorized to receive it in her behalf. At Mrs. Buxton's death it still remained in her possession as the residuum of her husband's estate, and by the terms of the will passes, with accrued interest, to Annie O. Small.

Decree in accordance with this opinion, and for reasonable counsel fees, to be fixed by the Justice issuing the decree.

*So ordered.*